**Harold SCHULER, Appellant**

v.

**PRICEWATERHOUSECOOPERS, LLP, Appellee.**

No. 10–7128.

United States Court of Appeals, District of Columbia Circuit.

May 3, 2011.

David L. Rose, Joshua N. Rose, Yuval Rubinstein, Rose & Rose, PC, Washington, DC, for Appellant.

Juanita A. Crowley, Edward C. Dumont, Howard Morris Shapiro, Wilmer Cutler Pickering Hale and Dorr LLP, Julie Ann Klusas Gasper, Winston & Strawn LLP, Washington, DC, Eric M. Nelson, Stephen Louis Sheinfeld, Winston & Strawn LLP, New York, NY, for Appellee.

Before: ROGERS, TATEL, and KAVANAUGH, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Harold Schuler sued his former employer, PricewaterhouseCoopers, for discrimination in violation of the Age Discrimination in Employment Act. PwC's "Partners and Principals Agreement" required partners to retire at age 60. Schuler contended that PwC also denied partnership to employees near or over age 60, and he sought redress for his denied promotions in 1999 through 2005. He asserted three legal theories in support of his claim that PwC denied him partnership on account of his age: PwC engaged in a "pattern or practice" of age discrimination; PwC's policy was direct evidence of disparate treatment of employees based on age; and PwC's policy had a disparate impact on older employees. The District Court granted summary judgment for PwC. We affirm.

■ The District Court correctly held that Schuler was collaterally estopped from arguing that an individual, non-class plaintiff can invoke the "pattern or practice" framework. The District Court adjudicated the same issue in an earlier lawsuit involving the same parties, and Schuler did not appeal the District Court's decision. The District Court's prior holding is preclusive. *See Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C.Cir. 1992); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4433 (2002).

■ Schuler's disparate treatment claim also fails. This Court has already found Schuler's 1999, 2000, and 2001 claims time-barred or meritless. *See Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 374–76 (D.C.Cir.2010) (1999 and 2000 claims time-barred; 2001 claim fails on merits). Schuler's claims for 2002 through 2005 are also meritless. Under *Gross v. FBL Financial Services, Inc.*, "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA" must produce sufficient evidence "that age was the 'but-for' cause of the challenged adverse employment action" in order to overcome summary judgment. —— U.S. ——, 129 S.Ct. 2343, 2352, 174 L.Ed.2d 119 (2009); *see Schuler*, 595 F.3d at 376. Schuler cannot make that showing because PwC produced undisputed evidence of a non-discriminatory reason for not promoting him: his performance ratings did not qualify him for partnership. As this Court has previously stated in litigation that included these same parties, PwC considers for partnership only those employees who have received performance ratings of "1" for at least three consecutive years. *See Schuler*, 595 F.3d at 376. It is undisputed that Schuler received performance ratings of "2" in 2001 and 2004. J.A. 302. Schuler was therefore not qualified to become a PwC partner in 2002 through 2005, regardless of his age. As a result, Schuler cannot prove that his age was the "but-for" cause of the employment actions he challenges, and his claim fails under *Gross*. *See also Schuler*, 595 F.3d at 376–77 (affirming summary judgment for PwC against Schuler's fellow employee, Murphy, on same grounds).

■ Finally, Schuler's disparate impact claim fails either because Schuler has not adequately alleged a facially neutral employment policy and thus his claim sounds only in terms of disparate treatment, *see Smith v. City of Jackson*, 544 U.S. 228, 241, 125 S.Ct. 1536, 161 L.Ed.2d

410 (2005); *see, e.g., Tsombanidis v. West Haven Fire Dep't,* 352 F.3d 565, 574–75 (2d Cir.2003); *EEOC v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1278 (11th Cir.2000); *Palmer v. United States,* 794 F.2d 534, 538 (9th Cir.1986); *Hebert v. Monsanto Co.,* 682 F.2d 1111, 1116 (5th Cir.1982), or because Schuler has failed to demonstrate that the policy caused his non-promotion, *see Maresco v. Evans Chemetics,* 964 F.2d 106, 115 (2d Cir.1992); *Coe v. Yellow Freight Sys., Inc.,* 646 F.2d 444, 451 (10th Cir.1981).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(B); D.C.CIR. R. 41.